UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DEWITT PEYTON                                                                                    PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 2:20CV13-KS-RPM

COMMISSIONER OF SOCIAL SECURITY                                              DEFENDANT

## REPORT AND RECOMMENDATIONS

This matter is before the Court on Plaintiff Dewitt Peyton's complaint appealing the Commissioner of Social Security's (Commissioner) denial of his application for disability insurance benefits under the Social Security Act (the Act). On July 28, 2017, Peyton filed his claim. Doc. [12] 117-18. He alleged a disability onset date of November 21, 2016, due to back problems, irritable bowel syndrome, ulcers, arthritis in feet and ankles, headaches, insomnia, anxiety and adjustment disorder, and foot problems. Doc. [12] 142. Peyton was 42-years old at the date of last insured, with a high school education and some college, and past relevant work experience as a tank cleaner and receptionist. *Id.* at 24, 117, 183. His claim was denied at the initial level and on reconsideration. *Id.* at 60-76. Peyton requested and was granted a hearing before an Administrative Law Judge (ALJ). *Id.* at 97-100.

The ALJ conducted a hearing on January 30, 2019. *Id.* at 29-59. On April 3, 2019, the ALJ issued a decision finding Peyton not disabled. *Id.* at 14-25. The ALJ determined that Peyton suffered from severe impairments of degenerative joint disease of the thoracic and lumbar spines, Graves' disease, effects of thryroidectomy, and hiatal hernia. *Id.* at 17. The ALJ also considered Peyton's non-severe gastrointestinal issues and mental impairment. *Id.* at 17-18. Despite these impairments, the ALJ found that Peyton retained the residual functional capacity (RFC) to perform light work, with some additional limitations. *Id.* at 19-23. The ALJ did not

include any mental limitations in the RFC. The ALJ concluded that Peyton is unable to perform any past relevant work. *Id.* at 23-24. However, relying on the testimony of a vocational expert, the ALJ found there are jobs that exist in the national economy that Peyton could still perform. *Id.* at 24-25. Accordingly, he found that Peyton is not disabled under the Act.

The Appeals Council denied Peyton's motion for review. *Id.* 5-10. Peyton then filed the instant complaint on January 22, 2020. Peyton has filed a brief requesting that the Court reverse and remand the Commissioner's decision based on the following claims: (1) the ALJ erred by failing to find that Peyton suffered a severe mental impairment; (2) the ALJ failed to properly evaluate Peyton's RFC; and (3) the ALJ failed to properly evaluate Peyton's disabling impairments. Doc. [13]. The Commissioner has filed a motion to affirm and supporting memorandum. Doc. [15] [16]. The matter is now ripe for consideration.

## Law and Analysis

### Standard of Review

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision is supported by substantial evidence, then the findings are conclusive and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in the record,

nor try any issues de novo, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant

numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id.*

**Emma Peden, Psy.D, Opinion**

Peyton argues that the ALJ erred by failing to find a severe mental impairment. More specifically, he asserts the ALJ substituted his lay judgment for that of a treating medical professional in finding the mental impairment non-severe. Peyton points to the VA medical records, which indicated a 50% disability due to mental health issues related to anxiety and depression. He also points to the January 11, 2018, mental health examination of VA staff psychologist Emma Peden, Psy.D, recommending that to decrease symptoms of depression, Peyton should avoid an extremely stressful work environment, with few people, predictable and controlled. Peyton further argues that Dr. Peden's opinion supports a finding of mental limitations, which the ALJ failed to incorporate into the RFC.

In assessing Peyton's mental impairment, the ALJ considered the four areas of mental functioning set out in the disability regulations for evaluating mental disorders. Doc. [12] at 17. Relying on Peyton's self-reported activities and Peyton's hearing testimony, the ALJ found either no limitations or only mild limitations within the four functional areas. *Id.* at 18. For example, Peyton reported he can drive himself to appointments; follows sports and plays games on his phone; performs personal care; does household chores; prepares meals; lives with his family; exercises; and is generally able to follow instructions. *See id.* at 18, 23, 35-50, 160-67. The ALJ did not cite to any medical opinions when considering whether Peyton had a severe mental impairment. However, two non-treating, non-examining agency physicians, whose opinions were discussed by the ALJ only in connection with Peyton's exertional limitations, did find Peyton's mental impairment to be non-severe. *Id.* at 63-64; 74. One of the agency

4

physicians, Louis Saddler, MD, concluded that Peyton had mild limitations in the same three functional areas as the ALJ's findings. *Compare id.* at 18 & 63.

Dr. Peden is a VA staff psychologist. Doc. [12] at 663. She performed a Mental Health Compensation and Pension Examination Consult on January 11, 2018, shortly after the date of last insured of December 31, 2017. *Id.* at 655-63. Her report formed in part the basis of the VA's 50% disability rating for anxiety. The ALJ gave due consideration to the VA disability rating for anxiety, found it not persuasive, and concluded that Peyton's activities were not consistent with the VA rating. *Id.* at 23. "A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).

In her report, Dr. Peden noted that Peyton has two mental health diagnoses: (1) unspecified depression with anxious distress and (2) alcohol use disorder. Doc. [12] at 655-56. Dr. Peden indicated that Peyton had "[o]ccupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily with normal routine behavior, self-care and conversation." *Id.* at 656. According to Dr. Peden, Peyton's "depression and anxiety symptoms cause mild-moderate impairment in social functioning that reduces [his] desire to be around others." *Id.* at 622. She further opined that "the likelihood of functioning in a work setting in a productive manner is ONLY likely to affect the level of reliability and productivity under extreme stressful conditions." *Ibid.* Dr. Peden noted that "social and occupational activities reduces [sic] symptoms of depression. Therefore working in and [sic] environment with a few people, predictable, and controlled is likely to DEcrease [sic] his symptoms of depression." *Ibid.*

5

The VA's disability finding reflected Dr. Peden's findings and indicated "[o]ccuptional and social impairment due to mild or transient symptoms which decrease work efficiency and ability to perform occupational tasks only during periods of significant stress." *Id.* at 202-03.

      The ALJ concluded that Peyton has the RFC to perform light work, with some additional limitations. Contrary to Dr. Peden's opinion, the ALJ did not incorporate any limitations into the RFC in connection to his mental condition and social functioning. In fact, the ALJ did not mention Dr. Peden's medical opinion in his decision nor discuss its persuasiveness. Although the ALJ indirectly considered Dr. Peden's opinion when he addressed the VA disability rating, at no point in his decision did the ALJ directly address Dr. Peden's opinion or its persuasiveness. The Social Security regulations provide that an ALJ "will consider all evidence in [a claimant's] case record when [making] a determination or decision whether [the claimant is] disabled." 20 C.F.R. § 404.1520(a)(3). Pursuant to 20 C.F.R. § 404.1520c, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)". However, before an ALJ may discount or reject an opinion, he or she must "articulate in [the] determination or decision how persuasive [the ALJ] find[s] *all* of the medical opinions ... in [the claimant's] case record." 20 § 404.1520c(b) (emphasis added); *see Moore v. Saul*, No. 3:20-CV-48-DPJ-MTP, 2021 WL 754833, at *3 (S.D.Miss. Feb. 26, 2021).[1] In his brief, the Commissioner concedes that the ALJ "must articulate [his] consideration of all medical opinions". Doc. [16] at 14. Based on the foregoing, the ALJ's failure to articulate any consideration of Dr. Peden's medical opinion constitutes error. The question then becomes whether this error was harmless.

---

[1] Section 404.1520c is a new regulation, with "little authority discussing what an ALJ must do to adequately 'explain'" how persuasive a particular medical opinion is. *See Moore*, 2021 WL 754833, at *3 n.1.

"Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have not been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). The ALJ did not acknowledge, let alone discuss, Dr. Peden's recommended limitation that Peyton avoid an extremely stressful work environment. *See Kneeland v. Berryhill*, 850 F.3d 749, 761-62 (5th Cir. 2017) (explaining that failure to consider a medical opinion is not harmless error); *Moore*, 2021 WL 754833, at *3 (finding that failure to discuss a lifting limitation contained in a medical opinion was not harmless error). From the record, the undersigned cannot determine whether the ALJ would have found Dr. Peden's opinion persuasive, such that an additional limitation should have been included in the RFC. Nor can the undersigned determine whether inclusion of such a limitation would have affected the vocational expert's opinion regarding Peyton's ability to perform jobs in the national economy. Although the Commissioner invites the Court to find that the jobs identified by the vocational expert could be performed by Peyton even with a limitation for social functioning in extreme stressful conditions (Doc. [16] at 22-23), such a finding would be appropriate for the ALJ and is beyond the scope of this Court's review. Accordingly, the undersigned recommends that this matter be remanded for consideration of Dr. Peden's January 11, 2018, opinion as it relates to Peyton's mental impairment.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the Commissioner's decision be REMANDED for further consideration.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED AND ADJUDGED, this the 10th day of August 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE